UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN-JAMES BUCHANAN,

    Petitioner,                     Case No. 5:07-CV-11630
v.                                      HONORABLE JOHN CORBETT O'MEARA
                                            UNITED STATES DISTRICT JUDGE
THOMAS K. BELL,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Jan-James Buchanan, ("Petitioner"), presently confined at the Florence Crane Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b); aggravated stalking, M.C.L.A. 750.411i(2); and domestic violence, third offense, M.C.L.A. 750.81(4). Respondent has filed an answer, which is construed in part as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Petitioner has not filed a reply to the state's answer. For the reasons stated below, *in lieu* of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will

1

also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Buchanan,* No. 258575 (Mich.Ct.App. April 27, 2006); *Iv. den.* 477 Mich. 912, 722 N.W.2d 812 (2006). [1]

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Did the trial judge's exclusion of evidence related to the Buchanans' sexual history violate Mr. Buchanan's constitutional right to a meaningful opportunity to present a complete defense and cross examination of Candace Buchanan?

II. Was the trial judge's reliance on the rape-shield statute as a basis for stripping Mr. Buchanan of his constitutional right to a meaningful opportunity to present a complete defense misplaced?

III. Was Mr. Buchanan denied any possibility of a fair trial by the erroneous admission of extensive testimony regarding a highly inflammatory matter under MRE 404(b) when there was no logical rationale for admission of this evidence and the prejudice overwhelmingly outweighed the probative value?

IV. Did the trial court violate Appellant's due process rights at sentencing by mis-scoring OV 10 and OV 7 with regard to the conviction for CSC-3?

V. Did the prosecutor fail to present sufficient evidence to sustain a conviction for aggravated stalking and were Mr. Buchanan's state and federal constitutional rights to be free of conviction in the absence of proof beyond a reasonable doubt violated?

VI. Petitioner is entitled to a resentencing because of ineffective assistance of trial counsel as well as appellate counsel.

---

[1] The Michigan Supreme Court also denied petitioner's motion to remand that he filed with his application for leave to appeal before that court.

VII. Petitioner is entitled to an evidentiary hearing pursuant to 28 USC § 2254(e)(2)

## II. Discussion

The instant petition is subject to dismissal because it contains several claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, petitioner did not raise the ineffective assistance of trial and appellate counsel claims that he raises in his sixth claim before the Michigan Court of Appeals on his appeal of right, nor did he raise the additional challenges to the scoring of

3

the Michigan Sentencing Guidelines that he brings in this claim. Petitioner raised these claims for the first time in his application for leave to appeal before the Michigan Supreme Court and in an accompanying motion to remand, which would be insufficient to satisfy the exhaustion requirement. [2]

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in his appeals to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the new issues that petitioner raised in his application for leave to appeal and his motion to remand before that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these ineffective assistance of counsel and additional sentencing claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion

---

[2] Petitioner acknowledges in his petition that he raised these claims only for the first time in his application for leave to appeal to the Michigan Supreme Court and the accompanying motion to remand before that court. *See* Petition for Writ of Habeas Corpus, pp. 2-3. A review of the appeal brief filed on behalf of petitioner before the Michigan Court of Appeals shows that the ineffective assistance of counsel and the additional sentencing claims that are presented in petitioner's sixth claim were never raised before that court as part of his appeal of right. [See Brief on Appeal, this Court's Dkt. ## 8-12, 8-13].

4

requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise petitioner's ineffective assistance of trial counsel and additional sentencing guidelines claims on petitioner's direct appeal to the Michigan Court of Appeals would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these claims. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an

5

available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Wagner,* 581 F. 3d at 419*; See also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court will hold the petition in abeyance, rather than dismiss it without prejudice, to avoid the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. [3]

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon

7

petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/John Corbett O'Meara<br>United States District Judge

Date: June 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 16, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager